IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAURICE L. COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-1023-GBW-EGT |
| | ) | |
| KYAIRE HUTCHINS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Maurice L. Cooper, an inmate at James T. Vaughn Correctional Center ("JTVCC"), filed this action pursuant to 42 U.S.C. § 1983. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Amended Complaint was screened by Judge Williams, who allowed all claims to proceed. (D.I. 9). Presently before the Court is the motion of Defendant Kyaire Hutchins ("Defendant") to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (D.I. 12). For the reasons set forth below, the Court recommends that Defendant's motion be GRANTED-IN-PART and DENIED-IN-PART.

## I. BACKGROUND

On August 19, 2023, Plaintiff was naked and showering in the E Building of JTVCC around 10 PM. (D.I. 8-1 ¶ 6). Upon noticing Plaintiff in the shower, Correctional Officer Miller told Plaintiff that he was "off limits" and would be getting a write-up. (*Id.*). Plaintiff continued to shower, and Miller passed by again, allegedly "peering" at Plaintiff who was still in the shower. (*Id.*). Plaintiff moved out of view and told Miller, "I'm going to call PREA [Prison Rape Elimination Act] on you if you keep staring at me in shower while I'm naked." (*Id.*). Later that night, Plaintiff was issued a write-up by Sergeant Landon for "Failure to Obey an Order" and "Off Limits" in connection with the Miller shower incident. (D.I. 8-1 ¶ 8; *see also* D.I. 8-2 at 1 (shower

incident disciplinary report)). Although Plaintiff filed several prison grievances related to this write-up, a disciplinary hearing on the charged offenses was held on August 23, 2023 and Plaintiff was found guilty on all charges. (*Id.* ¶¶ 9-10). The decision was upheld on appeal. (*Id.* ¶ 10).

On August 23, 2023, Plaintiff also filed an additional grievance regarding Miller "peering on him" in the shower and the lack of PREA signs and information in Plaintiff's tier. (D.I. 8-1 ¶ 10). This grievance was forwarded to Defendant Sergeant Hutchins for a PREA investigation. (*Id.* ¶ 11). On August 30, 2023, Plaintiff was called to the "search room" to talk with Defendant. (*Id.* ¶ 15). Defendant told Plaintiff he would put signs and PREA contact information on Plaintiff's tier. (*Id.*). In this conversation, Plaintiff continued to insist that Miller "peered on" Plaintiff twice while he was showering naked. (*Id.*). Plaintiff alleges that Defendant was "highly upset" that Plaintiff filed a grievance regarding Miller and the shower incident. (*Id.*). Defendant accused Plaintiff of retaliating against Miller for the initial write-up, which Plaintiff denied. (*Id.* ¶ 16). At the end of the interview, Defendant apparently indicated that he would watch the video of the shower incident and would write Plaintiff up if he was lying. (*Id.* ¶ 15).

On August 31, 2023, Plaintiff was issued a write-up by Defendant for "Giving a False Alarm" and "Lying." (D.I. 8-1 ¶ 18; *see also* D.I. 8-2 at 2 (lying disciplinary report)). A disciplinary hearing ensued, and Plaintiff was found not guilty of lying but guilty of giving a false alarm because the language in Plaintiff's grievance necessitated a PREA investigation. (D.I. 8-1 ¶ 20). Plaintiff was given a five-day sanction. (*Id.*). Plaintiff appealed, and the decision was reversed on appeal and the sanction lifted. (*Id.* ¶ 22; *see also* D.I. 8-2 at 3 (decision on appeal)).

On August 14, 2025, Plaintiff filed the present action against Defendant under § 1983, alleging that Defendant's disciplinary write-up was impermissible retaliation in response to Plaintiff's grievances regarding Miller and the shower incident. (D.I. 3). Plaintiff filed several

motions to amend (D.I. 7 & 8), and on September 8, 2025, Judge Williams screened the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and allowed all claims to proceed (D.I. 9). Defendant is being sued in his individual and official capacities (D.I. 8-1 at 1), and Plaintiff seeks monetary damages and various forms of injunctive relief. (*Id.* ¶¶ 33-38).

## II. **LEGAL STANDARD**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). The Court is not, however, required to accept as true bald assertions, unsupported conclusions or unwarranted inferences. *See Mason v. Delaware (J.P. Court)*, C.A. No. 15-1191-LPS, 2018 WL 4404067, at *3 (D. Del. Sept. 17, 2018)*; see also Morse v. Lower Merion Sch. Dist*., 132 F.3d 902, 906 (3d Cir. 1997). Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir. 1997) (cleaned up).

## III. DISCUSSION

As explained below, Plaintiff's official capacity claims are barred by the Eleventh Amendment and the Amended Complaint fails to state an Eighth Amendment claim against Defendant in any capacity. The remainder of Defendant's arguments do not compel dismissal.

### A. Eleventh Amendment Immunity

Plaintiff sues Defendant in his individual and official capacities, seeking monetary damages and various forms of injunctive relief. (D.I. 8-1 at 1; *see also id.* ¶¶ 33-38). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). The Eleventh Amendment protects an unconsenting state or state agency from a suit in federal court by one of its own citizens for money damages. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). And Delaware has not waived its Eleventh Amendment immunity. *See Jones v. Att'y Gen. of Delaware*, 737 F. App'x 642, 643 (3d Cir. 2018) (per curiam). Plaintiff's § 1983 claims for monetary damages against Defendant in his official capacity are thus barred by the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Plaintiff also seeks a declaration that his rights were violated and injunctive relief against Defendant in his official capacity to "order[] Defendant to cease disciplinary reports of inmates who PREA claims be unfounded." (D.I. 8-1 ¶¶ 33-34). When a plaintiff seeks prospective injunctive relief, "the Eleventh Amendment, in most cases, is not a bar" because of the *Ex parte Young* exception to sovereign immunity. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 277 (1997); *see also Ex parte Young*, 209 U.S. 123 (1908). That being said, when a plaintiff seeks equitable relief merely because a "federal law has been violated at one time or over a period

of time in the past" or seeks a declaration that the right was violated in the past, the *Ex parte Young* exception does not apply. *See Papasan v. Allain*, 478 U.S. 265, 277-78 (1986); *see also Merritts v. Richards*, 62 F.4th 764, 772 (3d Cir. 2023). Because the equitable relief Plaintiff that seeks here is not prospective and does not fall within the ambit of the *Ex parte Young* exception, Plaintiff's official capacity claims for such relief are barred by the Eleventh Amendment. The Court thus recommends that Defendant's motion be granted with respect to Plaintiff's official capacity claims and that all such official capacity claims be dismissed.

**B. Qualified Immunity**

Defendant also argues that he is entitled to qualified immunity under the Delaware Tort Claims Act, 10 *Del. C.* § 4001. (D.I. 13 at 9-11). The Delaware Tort Claims Act "provides immunity for the State of Delaware and its officials and employees" under certain circumstances. *Wiers v. Barnes*, 925 F. Supp. 1079, 1091 (D. Del. 1996). But Plaintiff only asserts federal claims under § 1983 against Defendant. And Defendant offers no authority for the proposition that a federal court must dismiss (or has ever dismissed) a § 1983 claim on the basis of state law qualified immunity. This failure is presumably because such a notion flies in the face of Supreme Court precedent. *See Martinez v. California*, 444 U.S. 277, 283-84, 284 & n.8 (1980) ("It is clear that the [state] immunity statute does not control this [§ 1983] claim.").

To the extent that Defendant seeks qualified immunity on federal grounds, the Court disagrees that dismissal is warranted. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Here, Plaintiff has a right to be free from retaliation for exercising his constitutional right to file a prison grievance. *See Fantone v. Latini*, 780 F.3d 184, 192 n.8 (3d Cir. 2015) ("The filing of a prison grievance is an activity protected by the First Amendment."); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) ("Mitchell's allegation that he was falsely charged with misconduct in retaliation for filing complaints against Officer Wilson implicates conduct protected by the First Amendment."). And Defendant should have been aware of this right. *See Mack v. Warden Loretto FCI*, 839 F.3d 286, 300 ("A reasonable official in the prison officers' position should therefore have known that retaliating against Mack for exercising his right to petition, whether in the form of an oral or written grievance, was unlawful."). Qualified immunity does not warrant dismissal at this stage.

**C. First Amendment Retaliation**

Defendant argues that Plaintiff has failed to a state claim for retaliation in violation of the First Amendment. (D.I. 13 at 11-14). A prisoner alleging retaliation must show that: "(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor" in the official's decision. *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (cleaned up). A prisoner need not allege that an independent liberty interest was implicated by the adverse action because "[r]etaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990).

Plaintiff plausibly alleges that he engaged in constitutionally protected conduct when he filed his grievance against Correctional Officer Miller, that he suffered an adverse action when Defendant issued a write-up against Plaintiff for "Lying" and "Giving a false alarm" and that he was sanctioned for five days as a result. (D.I. 8-1 ¶ 30). As to causation, a plaintiff must show

either "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). Here, Plaintiff alleges that Defendant's write-up for "Lying" and "Giving a false alarm" was necessarily motivated by Plaintiff's filing of a grievance – *i.e.*, the write-up accuses Plaintiff of filing a false PREA complaint. (D.I. 8-1 ¶ 30; *see also* D.I. 8-2 at 2 (Defendant's disciplinary report based on Plaintiff's "false PREA complaint")). Plaintiff further alleges that Defendant accused Plaintiff of retaliating against Miller and threatened to write Plaintiff up if he was lying. (D.I. 8-1 ¶¶ 15-16). At this stage, this is enough to state a retaliation claim. The Court thus recommends that Defendant's motion be denied as it relates to this ground.

**D. Eighth Amendment Claim**

Defendant also argues that Plaintiff has failed to adequately plead failure to intervene in violation of the Eighth Amendment. (D.I. 13 at 14-15). According to Plaintiff, upon receipt of the grievance regarding Miller, Defendant did not conduct an adequate PREA investigation and he therefore "failed to intervene." (*See* D.I. 8-1 ¶ 31). Plaintiff claims that these actions constitute an Eighth Amendment violation. (*Id.*).

To the extent that Plaintiff is attempting to assert a PREA claim based upon his dissatisfaction with Defendant's handling of the PREA investigation, that claim must fail. PREA does not provide a private right of action. *See Fatir v. Phelps*, C.A. No. 18-933-CFC, 2019 WL 2162720, at *5 (D. Del. May 17, 2019) (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283-85 (2002)). And Plaintiff cannot avoid that private-suit bar by pursuing a § 1983 claim based on Defendant's alleged failure to comply with PREA. *Fatir*, 2019 WL 216720, at *5.

Finally, even if Plaintiff's Amended Complaint is liberally construed to be asserting an Eighth Amendment claim related to his conditions of confinement, that claim also fails. Sexual

abuse of a prisoner can be a constitutional violation, *Ricks v. Shover*, 891 F.3d 468, 475 (3d Cir. 2018), but all that Plaintiff claims here is that Defendant failed to intervene in (and stop) Miller's purported "voyeurism." *See Higgs v. N.J. Dep't of Corr.*, No. 24-1712, 2024 WL 3811985, at *2 (3d Cir. Aug. 14, 2024) (per curiam) (upholding dismissal of Eighth Amendment claim where complaint did not allege anything sexual beyond a "bald assertion of voyeurism" for prison guard who opened shower curtain and stood with it open for a few seconds). Allegations of "non-verbal, non-physical staring on several occasions," are not "sufficiently intolerable and cruel" under the objectively unreasonable standard to state a constitutional violation. *See Kokinda v. Pa. Dep't of Corr.*, 779 F. App'x 944, 950 (3d Cir. 2019) (affirming dismissal of claim alleging that officer stared at inmate's groin area on numerous occasions "for an uncomfortable duration" when inmate wore underwear). There being no underlying constitutional violation by Miller (ongoing or otherwise), Defendant cannot be liable for failing to intervene. *Cf. Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002) (official's failure to stop an ongoing constitutional violation violates the Eighth Amendment when he had reasonable opportunity to intervene and refused to do so).

The Court is unable to discern any other basis for an Eighth Amendment claim in Plaintiff's Amended Complaint. Therefore, the Eighth Amendment claim should be dismissed.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court recommends that Defendant's motion to dismiss (D.I. 12) be GRANTED-IN-PART and DENIED-IN-PART. Specifically, the Court recommends that Defendant's motion be GRANTED as to Plaintiff's official capacity claims and Eighth Amendment claim and DENIED in all other respects. The Court further recommends that Defendant be ordered to answer the Amended Complaint within fourteen (14) days of the date that this Report and Recommendation is adopted.

The parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Any responses to the objections shall be filed fourteen (14) days after the objections. Objections and responses are limited to ten (10) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. The parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: August 18, 2026

UNITED STATES MAGISTRATE JUDGE